No. 207
MINOR v. STATE
Ohio Appeals, 8th Dist Cuyahoga Co
No. 5655. Dec. 8, 1924.
661. INTOXICATING LIQUORS—1. Credible proof of intoxicating character of concoction sold renders unnecessary proof of analysis.
2. Issuance of search and seizure warrant not necessary to convict for sale of intoxicating liquors.
SULLIVAN, J.

### Epitomized Opinion
Published only in Ohio Law Abstract

Stella Minor was prosecuted before a justice of the peace, convicted and fined $500 for unlawfully selling intoxicating liquors. It was contended in her behalf that on account of failure to show analysis of the alleged intoxicating liquor and absence of warrant for search and seizure issuing from any court the conviction was contrary to the weight of evidence. The record shows that two witnesses testified that accused sold a gill of whiskey for forty cents and on cross-examination these witnesses testified further that by sight, taste and smell the concoction sold was whiskey. Presence of a man sleeping, giving evidence of intoxication and others playing cards indicated the nature of the place. Judgment of common pleas affirming conviction was affirmed by court of appeals, which held:

1. Credible proof of intoxicating character of concoction sold renders proof of analysis thereof unnecessary.
2. Conviction for unlawful sale of intoxicating liquors on evidence sufficient to prevent reversal will not be set aside for absence of proof of issuing warrant to search and seize—especially since such process relates more particularly to possession and not sale of intoxicating liquors.
3. Reversal on weight of evidence refused. Gibsonburg Bank Co. v. Wakeman Bank Co. 10 C. D. 754; 30 C. R. 591. Gebaur v. Vesper, 10 C. D. 820; 20 O. C. C. 711.

Attorneys—R. N. Dillard, Esq., for Minor; R. S. Stanton, Esq., for the State.

No. 208
UPHAM GAS CO. v POLAND
Ohio Appeals, 5th Dist., Knox Co.
No. 211. Decided Nov. 7, 1924.
1106. STATUTE OF FRAUDS—Contract to secure gas and oil leases not within statute of frauds.
HOUCK, J.

### Epitomized Opinion
Published only in Ohio Law Abstract

Suit by Poland to recover $1000 claimed as balance due him from the gas company upon a contract to secure gas and oil leases. Verdict for Poland upon which gas company files petition in error on grounds that contract sued on is within statute of fraud, that there is a variance in the proof as to the contract sued upon, and that the court erred in refusing to charge relative to the statute of fraud. Court of appeals affirming the judgment below, held:

1. That though the contract relied upon is not one in writing there was such an execution and carrying out of the terms of the contract as to take it out of the statute of frauds.
2. Testimony in the case does not warrant claiming of a variance in the proof.
3. Propositions of law set forth in the special request of the gas company to be charged to the jury, stating that the case was one within the statute of frauds, were not applicable to the issues raised in the case.
4. There was no prejudical error submitted and substantial justice has been dealt.

Attorneys—Henry C. Devin for Gas Company; Reed & Reed and F. O. Levering for Poland; all of Mt. Vernon.

No. 209
HOLLINGSWORTH v. MUELLER et al.
Ohio Appeals, 8th Dist., Cuyahoga County
No. 5216. Decided Sept. 22, 1924.
703. LANDLORD AND TENANT—Landlord's promise to repair premises gives him no right of occupation or control thereof.
VICKERY, P. J.

### Epitomized Opinion
Published only in Ohio Law Abstract

Action instituted in Cuyahoga common pleas to recover damages for injuries resulting from defective condition of rented property. The trial court directed verdict for Mueller. Affirming the judgment below the Cuyahoga court of appeals held:

1. Landlord's promise to repair premises rented gives landlord no control of property.
2. Promise to repair rented premises gives landlord no right of occupation.

Attorneys—C. E. Alden, Esq., for Hollingsworth; A. C. Knight, for Mueller; all of Cleveland.